IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBRAH HAGET,<br><br>             Plaintiff,<br><br>vs.<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>             Defendant. | **8:21CV440**<br><br>**FINDINGS AND RECOMMENDATION** |

Defendant has filed a "motion to strike" Plaintiff's prayer for punitive damages in her Second Amended Complaint "pursuant to Federal Rule of Civil Procedure 12(f)." (Filing No. 26). For the reasons stated below, the motion should be granted pursuant to Rule 12(b)(6).

BACKGROUND

Plaintiff's complaint alleges a products liability lawsuit against Defendant, alleging Defendant is liable on common law negligence, design defect, and failure to warn theories of recovery. (Filing No. 23). Plaintiff alleges she is a resident and citizen of Nebraska, and a "substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in Nebraska." (Filing No. 23, at CM/ECF p. 2, ¶ 8). The prayer for relief seeks recovery "for compensatory and punitive damages." (Filing No. 23, at CM/ECF p. 35).

Defendant filed an answer, alleging Plaintiff's "request for punitive damages is barred by Nebraska law and the subject of Boston Scientific's Motion to Strike, filed concurrently herewith." (Filing No. 25, at CM/ECF p. 11, ¶ 134). The answer further alleges the "Amended Complaint, in whole or in part, fails to

state a claim upon which relief can be granted against Boston Scientific." (Filing No. 25, at CM/ECF p. 12). Two minutes after filing its answer, Defendant filed a motion to strike Plaintiff's prayer for recovery of punitive damages. (Filing No. 26).

Pursuant to Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may do its own motion or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). Since Defendant's answer was filed two minutes before the motion to strike, the court could construe the motion to strike as untimely and waived. However, a court need not impose such a strict interpretation of Rule 12(f). Where a motion to strike is filed after the answer, but these filings were made almost simultaneously, the motion to strike need not be deemed waived, particularly since Rule 12(f) allows a court to act on its own motion. Nkemakolam v. St. John's Mil. Sch., 876 F. Supp. 2d 1240, 1246 (D. Kan. 2012).

More importantly, although named a motion to strike, Defendant's motion challenging Plaintiff's request to recover punitive damages is actually a Rule 12(b)(6) motion to dismiss. See Nuwintore v. United States, No. 1:13-CV-00967-AWI-JL, 2014 WL 807054, at *1 (E.D. Cal. Feb. 28, 2014), report and recommendation adopted, No. 1:13-CV-00967-AWI, 2014 WL 1333998 (E.D. Cal. Apr. 3, 2014) (holding a motion to strike punitive damages was improper, converting the 12(f) motion to a 12(b)(6) motion and issuing findings and a recommendation); Pro. Asset Mgmt., Inc. v. Penn Square Bank, N.A., 566 F. Supp. 134 (W.D. Okla. 1983) (motion to strike plaintiff's claim for punitive damages is properly construed as motion to dismiss); Com. Union Ins. Co. v. Upjohn Co., 409 F. Supp. 453, 455 (W.D. La. 1976) (considering a motion to

2

strike a claim for punitive damages in a products liability action as a motion to dismiss for failure to state a claim).

Whether considered a motion to strike or a motion to dismiss, Plaintiff has not responded to the motion and the deadline for doing so has passed. See NeCivR 7.1(b)(1)(B) (14-day deadline on Motion to Strike was March 23, 2022; 21-day deadline on a motion to dismiss expired on March 30, 2022). The motion is deemed fully submitted and could be construed as unopposed. However, under this court's local rules, "[f]ailure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NeCivR 7.1(b)(1)(C).

ANALYSIS

Defendant argues Nebraska law (where the plaintiff resides), not Massachusetts law (where the alleged defective product was manufactured), applies to this case. The court need not address that issue if the outcome is the same under either states' law. So, the initial question is whether, as to recovery of punitive damages, Nebraska law and Massachusetts differ. Under Nebraska law, punitive, vindictive, or exemplary damages contravene Neb. Const. art. VII, § 5, and are not allowed. O'Brien v. Cessna Aircraft Co., 298 Neb. 109, 112, 903 N.W.2d 432, 443 (2017). See also Enron Corp. v. Lawyers Title Ins. Corp., 940 F.2d 307, 313 (8th Cir. 1991) (quoting Distinctive Printing & Packaging Co. v. Cox, 232 Neb. 846, 443 N.W.2d 566, 574 (1989)). Under Massachusetts law, punitive damages may be awarded only if authorized by statute. Flesner v. Tech. Commc'ns Corp., 410 Mass. 805, 575 N.E.2d 1107 (1991);[1] International Fid.

---

[1] Citing Flesner, Defendant argued Massachusetts law does permit recovery of punitive damages. (Filing No. 27, at CM/ECF p. 2). But Flesner, a wrongful discharge case, held the plaintiff could not recover

3

Ins. Co. v. Wilson, 387 Mass. 841, 856 n. 20, 443 N.E.2d 1308 (1983). Contrary to Defendant's argument, the undersigned magistrate judge's research indicates Massachusetts does not allow punitive damages in a products liability action seeking compensation for personal injuries. In re: Mirapex Prod. Liab. Litig., No. CV 06-1206 JMR/FLN, 2007 WL 9636345, at *4 (D. Minn. Nov. 27, 2007) (citing Freeman v. World Airways, Inc., 596 F.Supp. 841, 844 (D. Mass. 1984) (explaining punitive damages are available in wrongful death actions but not in personal injury cases)).

If the court assumes Defendant is correct—that punitive damages could be recovered under Massachusetts law but not Nebraska law—the court would need to decide whether Nebraska or Massachusetts law applies to this case. In diversity cases such as this, federal district courts must apply the choice-of-law rules of the forum state. Perkins v. Clark Equipment Co., Melrose Div., 823 F.2d 207 (8th Cir. 1987). See also Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).

The forum state, Nebraska, has adopted the "most significant relationship" approach of the Restatement (Second) of Conflict of Laws (1971) to resolve choice-of-law issues in tort cases. O'Brien, 298 Neb. at 140, 903 N.W.2d at 459. Applying that test, O'Brien held that the law of the state where an accident or injured occurred, not the law of the state where the product was manufactured, governs whether punitive damages can be recovered in a products liability lawsuit. Id. (holding the law of Nebraska, where the aircraft crashed, not the law of Kansas, where aircraft manufacturer was headquartered, applied to the issue of whether punitive damages could be recovered in a products liability action).

---

punitive damages. "Because no . . . legislative authorization applies to this case, Flesner's claim for punitive damages cannot stand." Flesner, 410 Mass. at 813, 575 N.E.2d at 1112.

4

Based on the facts within the complaint, Plaintiff is a resident of Nebraska and the alleged acts and omissions underlying her products liability action and alleged resulting injuries, occurred in Nebraska. Nebraska law therefore applies to the issue of whether she can recover punitive damages. Since punitive damages cannot be recovered under Nebraska law, Plaintiff's request to recover punitive damages in this case should be dismissed.

Accordingly,

IT IS RECOMMENDED to the Honorable Robert F. Rossiter, Jr., United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendant's motion, (Filing No. 26), construed as a Rule 12(b)(6) motion to dismiss Plaintiff's claim for recovery of punitive damages, be granted.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

April 1, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge